## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

FELIX WALLS,
Reg. #02414-112                                                                    PETITIONER

v.                                        2:15CV00128-JLH-JJV

UNITED STATES OF AMERICA                                         RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon

Holmes. Any party may serve and file written objections to this recommendation. Objections should

be specific and should include the factual or legal basis for the objection. If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection. An

original and one copy of your objections must be received in the office of the United States District

Court Clerk no later than fourteen days from the date of the findings and recommendations. The

copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence to be proffered at the new hearing (if such a hearing is granted) was

not offered at the hearing before the Magistrate Judge.

3.       The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.   PROCEDURAL HISTORY

In June 1995, an Eastern District of Michigan jury convicted Petitioner Felix Walls of

conspiracy to distribute cocaine and conspiracy to launder money.  (Doc. No. 10.)  He was sentenced

in December of that year to thirty years imprisonment on the cocaine conspiracy with sixty months

to run concurrently on the money laundering conspiracy.  (*Id.*)  Mr. Walls appealed, and the Sixth

Circuit reversed and remanded because Petitioner "was prevented from calling a witness necessary

to his defense, and because the trial court failed to adequately ascertain whether a juror had been

tainted by the receipt of extraneous information . . . " *United States v. Walls*, No. 95-2373, 1998 WL

552907, at *1 (6th Cir. Aug. 11, 1998).

The United States superseded Mr. Walls's indictment and added a quantity of five kilograms

or more of cocaine which increased the guideline sentence.  (Doc. No. 10.)  On remand, the jury

again found Mr. Walls guilty, and he was sentenced to life in February 2003.  Mr. Walls appealed

his second conviction, and the Sixth Circuit affirmed the conviction but vacated the sentence and

remanded for re-sentencing.  *United States v. Walls*, 148 Fed. Appx. 286, 287 (6th Cir. 2008).  On

August 1, 2006, he was re-sentenced to life imprisonment, and this time the Sixth Circuit affirmed.

*United States v. Walls*, 546 F.3d 728, 741 (6th Cir. 2008).

On December 3, 2010, Mr. Walls filed a Motion to Vacate Sentence under 28 U.S.C. § 2255.

*United States v. Walls*, No. 2:92-cr-80236-RHC-1 (E.D. Mich. Dec. 3, 2010), ECF No. 669.  The

United States responded on January 12, 2011.  *United States v. Walls*, No. 2:92-cr-80236-RHC-1

(E.D. Mich. Jan. 12, 2011), ECF No. 679.  The District Court has yet to rule on Mr. Walls's § 2255

Motion.  He filed the current Petition in the Eastern District of Arkansas on August 11, 2015, under

28 U.S.C. § 2241.  The United States responded that the Petition should be dismissed because the

Eastern District of Arkansas lacks jurisdiction.  Mr. Walls then filed a Motion to Extend Time (Doc.

No. 11) asking to amend his Petition in light of the Supreme Court's ruling in *Johnson v. United

States*, 135 S.Ct. 2551 (2015).[1]  Because this Court lacks jurisdiction, I find the Petition should be

dismissed or transferred to the Eastern District of Michigan.

II.    ANALYSIS

Mr. Walls argues that his judgment, sentence, and presentence report are void and

unconstitutional.  (Doc. No. 1.)  However, inmates seeking to challenge the lawfulness of the

imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255

motion to the sentencing court.  *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*,

545 U.S. 1147 (2005).  Because a § 2255 petition attacks the validity of the conviction or sentence,

it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the

convicting and sentencing court.  *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson

v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner

in which the sentence is being carried out, and is properly brought before the court presiding in the

judicial district where the prisoner is incarcerated.  *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th

---

[1]If *Johnson*, does in fact apply to Mr. Walls, he should attempt to amend his § 2255 petition in the Eastern District of Michigan because that court retains jurisdiction of his sentence. Of course, whether the Supreme Court intended *Johnson* to be retroactive still remains undecided.

Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).

Therefore, a claim attacking the underlying sentence is properly considered in a § 2255 petition

before the sentencing court and  a claim attacking the execution of the sentence is properly brought

in a § 2241 petition in the jurisdiction where the petitioner is incarcerated.  *Nichols*, 553 F.3d at 649.

For this Court to be permitted to invoke jurisdiction over this § 2241 Petition, the Petitioner

must prove the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court.

*Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th

Cir. 2003).  Mr. Walls has not attempted to explain why his § 2255 is inadequate or ineffective.

Because the § 2255 petition has been pending for several years, transferring this case may be the best

option, but the Eastern District of Arkansas lacks jurisdiction so this Petition must be dismissed or

transferred.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed for lack of

jurisdiction, and/or the Petition be transferred to the Eastern District of Michigan as an amendment

to Mr. Walls's pending § 2255  motion; and

2.      All pending motions be DENIED as moot.

DATED this 3rd day of December, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE